UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| STATE AUTO PROPERTY and ) | |
| CASUALTY INSURANCE COMPANY, ) | |
| ) | |
| Plaintiff, ) | Cause No.: 4:08-CV-01046 JCH |
| ) | |
| vs. ) | |
| ) | |
| NIGRO FAMILY PARTNERSHIP, L.P., ) | |
| DEFFENBAUGH INDUSTRIES, INC. and ) | |
| STEPHEN C. MURPHY and PAMELA ) | |
| B. MURPHY, as husband and wife, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Defendant Deffenbaugh Industries, Inc.'s ("Deffenbaugh") Motion to Transfer under 28 U.S.C. § 1404(a), filed September 12, 2008. (Doc. No. 11). The matter is fully briefed and ready for disposition.

**BACKGROUND**

Plaintiff filed its Complaint for Declaratory Judgment in this matter on July 17, 2008. (Doc. No. 1). Plaintiff requests the interpretation of insurance policies and a declaration of rights and obligations under those policies. (Id., ¶ 7). Specifically, Plaintiff asks for a declaration that the loss claimed by Deffenbaugh is not covered under the insurance policy issued by Plaintiff to Defendant Nigro Family Partnership, L.P. ("Nigro"). Plaintiff offers several arguments in favor of no liability, including: 1) that Defendant Nigro failed to notify Plaintiff of the change in ownership when it sold the property in question to Defendants Murphy;

and 2) that the loss "is not a covered cause of loss as it is the result of wear and tear and faulty workmanship, construction and/or maintenance." (Id., ¶ 18).

As stated above, Deffenbaugh filed its Motion to Transfer on September 12, 2008, requesting that this action be transferred to the United States District Court for the District of Kansas. Plaintiff has filed a Memorandum in Opposition to Deffenbaugh's Motion to Transfer, and Defendants Murphy have joined Plaintiff in opposing the transfer. (Doc. Nos. 12, 13). Deffenbaugh filed a Reply in Support of its Motion to Transfer on September 26, 2008. (Doc. No. 14).

## DISCUSSION

28 U.S.C. §1404(a) governs the ability of a federal district court to transfer a case to another district. This provision states: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."[1] Id. In considering a §1404(a) motion, the Court gives great weight to the plaintiff's choice of a proper venue, and will only disturb that choice upon a clear showing that the balance of interests weighs in favor of the movant's choice of venue. Anheuser-Busch, Inc. v. City Merchandise, 176 F. Supp.2d 951, 959 (E.D. Mo. 2001) (citations omitted). This Court has articulated a series of factors that a court should consider in evaluating a motion to transfer: "1) the convenience of the parties; 2) the convenience of non-party witnesses; 3) the availability of judicial process to compel testimony from hostile witnesses; 4) the governing law; 5) relative ease of access to sources of proof; 6) possibility of delay and prejudice if a transfer is granted; and 7) practical considerations of cost and efficiency." Id. (citation omitted); see also Terra Int'l, Inc. v. Mississippi Chemical Corp., 119 F.3d 688, 691

---

[1] Plaintiff does not dispute this action could have been brought in the District of Kansas.

(8th Cir.), cert. denied, 522 U.S. 1029 (1997).  Further, "[t]he 'primary, if not most important' of these interests is the convenience of the witnesses."  Anheuser-Busch, 176 F.Supp.2d at 959 (quoting May Dept. Stores Co. v. Wilansky, 900 F.Supp. 1154, 1165 (E.D. Mo. 1995)).

Upon consideration, the Court finds the balance of factors taken into account under §1404(a) favors granting Defendant Deffenbaugh's Motion to Transfer.  First, as to the convenience of the parties, the Court finds this factor neutral.  Specifically, while Deffenbaugh contends Defendant Nigro consents to the transfer, both Plaintiff and Defendants Murphy oppose the transfer.  Thus, transferring the case to Kansas would merely shift the inconvenience from Defendants Deffenbaugh and Nigro to Plaintiff and Defendants Murphy, and the Eighth Circuit has held that shifting the burden from one party to another, "obviously is not a permissible justification for a change of venue."  Terra Int'l, 119 F.3d at 696-97 (internal quotations and citation omitted).

With respect to the convenience of non-party witnesses, however, Deffenbaugh convincingly asserts that several of its necessary witnesses are both hostile and outside the subpoena power of this Court.  (Reply in Support of Defendant Deffenbaugh's Motion to Transfer, PP. 1-4).  Specifically, Deffenbaugh identifies five witnesses relevant to Plaintiff's second claim, that the poor installation, construction and maintenance of the roof preclude its liability, all of whom reside in Kansas.  (Id.).  Further, of the five witnesses identified by Deffenbaugh, it is likely that three will be hostile witnesses unwilling to testify on behalf of Deffenbaugh.  For example, Deffenbaugh first names Beau Burris, president of Supply Works, Inc., the company that installed the roof on the subject property.  (Id., PP. 1-2).  Clearly, Mr. Burris possesses valuable information regarding the installation, maintenance, and condition of the roof, yet he is unlikely to appear voluntarily, as Deffenbaugh recently obtained a judgment

against his company for damages related to the roof. (Id., P. 2). Also named as potentially hostile witnesses are Robert Logan and Chuck Woolsencroft, both of whom were terminated from their employment with Deffenbaugh. (Id., PP. 2-3). Mr. Logan was General Manager of the Deffenbaugh-related company that operated in the property in question, and thus has knowledge regarding the decision to install the new roof in 2000, leakage problems with the roof, and maintenance of the roof. (Id., P. 2). Mr. Woolsencroft was an employee in Deffenbaugh's Security and Safety Departments, and had extensive dealings with Mr. Burris regarding the condition of the roof and Burris's attempts to repair the roof. (Id.). Under Federal Rule of Civil Procedure 45(c), this Court cannot compel a non-party witness to travel more than 100 miles from where he resides, is employed, or regularly transacts business in person. Burris, Logan, and Woolsencroft all reside in Kansas, outside the 100 mile subpoena range. Further, each of these men is a key witness, as construction, installation and maintenance of the roof are central issues in determining Plaintiff's liability. (Compl., ¶ 18). Additionally, roof inspectors for both Deffenbaugh and Defendants Murphy are located in Kansas, so it would be more convenient for them to participate in the litigation were it to take place in Kansas. The Court thus finds the convenience of non-party witnesses weighs in favor of transfer.[2]

The Court's review of the record demonstrates that the remaining factors also weigh in favor of transfer. Neither party convincingly asserts that access to sources of proof or the location of documents demands litigating in their preferred forum. The Court does find that effecting a transfer will result in neither delay nor prejudice. Finally, the Court holds that practical considerations of cost and efficiency weigh in favor of transfer, as both the majority of

---

[2] Further, because the majority of potential non-party witnesses in this action reside in Kansas, it stands to reason that the availability of judicial process to compel testimony from hostile witnesses will be greater in that state.

identified witnesses and the property in question are located in Kansas. Based on the foregoing, the Court concludes Defendant Deffenbaugh has met its burden under §1404(a) of establishing that transfer is warranted, and so its Motion to Transfer will be granted.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Deffenbaugh's Motion to Transfer (Doc. No. 11) is **GRANTED**, and Cause No. 4:08CV1046 is **TRANSFERRED** to the United States District Court for the District of Kansas for further proceedings.

Dated this 29th day of October, 2008.

/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE